UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOLLY WHITE, | ) Case No. 1:25-cv-525 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Jonathan D. Greenberg |
| FG FITNESS AVON, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Holly White filed suit in State court against Defendant FG Fitness Avon, LLC, her former employer, alleging a hostile work environment created by its employee's sexual harassment of her and termination in retaliation for reporting the sexual harassment. Defendant removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000, excluding interest and costs. In support of federal jurisdiction, Defendant points to Plaintiff's demand before litigation in the amount of $75,000. Based on its independent review, the Court determines that it lacks subject matter jurisdiction over the case. Accordingly, the Court **REMANDS** this action to the Cuyahoga County Court of Common Pleas.

### BACKGROUND

Plaintiff Holly White alleges that, as a personal trainer at Planet Fitness in Avon, a co-worker secretly edited her employee profile in a vulgar, crude, and

embarrassing way. (ECF No. 1-1, ¶¶ 19 & 20, PageID #9–10.) As a result, every time she swiped her employee identification card, these edited remarks displayed for customers and employees to view. (*Id.*, ¶ 20, PageID #10.) Ms. White reported this sexual harassment to the general manager and to human resources, which opened an investigation and disciplined her co-worker. (*Id.*, ¶¶ 22–24.) Later, "she was removed from the Planet Fitness schedule," allegedly in retaliation for reporting her co-worker, resulting in her actual or constructive termination. (*Id.*, ¶¶ 27–30, PageID #10–11.)

Plaintiff alleges that the employee's pattern of sexual harassment contravened Section 4112.02 of the Ohio Revised Code and that Defendant terminated her in violation of Section 4112 of the Ohio Revised Code. (*Id.*, ¶¶ 35 & 39, PageID #11.) In the demand for judgment, the complaint seeks "an amount in excess of $25,000." (*Id.*, PageID #12.)

Defendant removed this action to federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1, ¶¶ 4–5, PageID #2.) Plaintiff had 30 days after the filing of the notice of removal to move to remand. 28 U.S.C. § 1447(c). That time expired, and Plaintiff did not move to remand the case or otherwise object to removal. Nonetheless, the Court asked the parties to show cause why the case should not be remanded to State court for lack of federal jurisdiction. (ECF No. 6.)

## ANALYSIS

Federal courts have limited jurisdiction, possessing only that power which the Constitution and statutes authorize. *Kokkonen v. Guardian Life Ins. Co. of America*,

511 U.S. 375, 377 (1994). Even where no party questions the Court's authority, the Court has an independent obligation to examine its own jurisdiction. *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996).

Where a case is removed on the basis of diversity jurisdiction, a federal court has jurisdiction if the matter in controversy exceeds $75,000 and the controversy is between "citizens of different states." 28 U.S.C. § 1332. As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have original jurisdiction if the plaintiff had filed suit here. *See, e.g., Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir. 1989). Courts "conduct a fair reading" of the complaint to determine whether the amount in controversy exceeds $75,000. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

In this case, the parties are diverse, and the complaint is silent as to the amount of damages sought or incurred—it pleads only that Plaintiff seeks in excess of $25,000 consistent with Ohio pleading rules. With respect to the amount in controversy, Plaintiff's brief states in its entirety: "Here, Plaintiff is seeking, among other things, compensatory damages pursuant to Ohio Rev. Code § 2315.18, which limits noneconomic damages to the lesser of $250,000 or triple the amount of economic damages up to $350,000. Thus, the compensatory damages alone are in

3

excess of $75,000.00." (ECF No 8, PageID #47.) This argument fails to establish federal jurisdiction. State law caps damages but does not set a floor for them, let alone one in excess of the jurisdictional amount. Nor does Plaintiff identify the amount of compensatory damages she might reasonably seek or any objective means by which the Court might assess that the amount in controversy is met. For example, nowhere in the record does Plaintiff identify the amount of economic damages she might claim, supply facts necessary to a determination of damages, or provide any facts supporting noneconomic damages out of the ordinary. And as the Court noted in its Order to Show Cause (ECF No. 6, PageID #40), in its experience and based on the complaint as pled, noneconomic damages are unlikely to result in damages in excess of the jurisdictional threshold.

Defendant's position fares no better, and Defendant has the burden of establishing jurisdiction. To satisfy the amount in controversy, Defendant points to a demand letter. Before filing suit, Plaintiff apparently sent a demand letter offering to settle her claims for $75,000. (ECF No. 7-1, PageID #45.) To place an additional dollar in controversy to establish diversity jurisdiction, Defendant argues that this demand represents an offer in compromise, making the actual amount in controversy in litigation more than $75,000. Perhaps. But it might also be an opening bid demarcating the maximum litigation value of Plaintiff's claims, recognizing that negotiations between the parties will result in a compromise later. Whatever the case, while a demand letter may be considered as evidence of the amount in controversy, *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014),

a demand does not settle the matter. *Id.* "[I]n ascertaining the amount in controversy for jurisdictional purposes, where the law gives the rule, the legal causes of action, and not the plaintiff's demand, must be regarded." *Id.* (quoting *Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011). Like the complaint and Plaintiff's response to the Order to Show Cause, the demand letter fails to provide any factual basis for the demand that would allow the Court to say that this case exceeds the jurisdictional amount in controversy. Nor does Defendant provide any other reason to think that this case places in controversy an amount in excess of $75,000.

## CONCLUSION

For all these reasons, the Court cannot find that the Defendant properly invoked federal jurisdiction. The Court determines that it lacks subject matter jurisdiction over the case and **REMANDS** this action to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated: May 14, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio